```
                                            FILED IN THE
                                         U.S. DISTRICT COURT
                                     EASTERN DISTRICT OF WASHINGTON

                                          Aug 16, 2019
                                         SEAN F. McAVOY, CLERK
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHELLE W., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,[1] <br><br> Defendant. | No. 1:18-CV-03188-JTR <br><br> ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 15. Attorney D. James Tree represents Michelle W. (Plaintiff); Special Assistant United States Attorney Jeffrey Eric Staples represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, IN PART,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 1

1 **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on February 19, 2015, alleging disability since February 6, 2014, due to PTSD, bipolar disorder, depression, anxiety, panic attacks, a back injury, and migraines. Tr. 92-93. The applications were denied initially and upon reconsideration. Tr. 153-70, 174-89. Administrative Law Judge (ALJ) Glenn Meyers held a hearing on May 16, 2017, Tr. 49-89, and issued a partially favorable decision on October 2, 2017, Tr. 16-29. Plaintiff requested review from the Appeals Council. Tr. 247. The Appeals Council denied Plaintiff's request for review on August 24, 2018. Tr. 1-6. The ALJ's October 2017 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on September 26, 2018. ECF No. 1, 4.

## STATEMENT OF FACTS

Plaintiff was born in 1961 and was 53 years old as of her alleged onset date. Tr. 21. She has a high school education and some college classes. Tr. 683. She worked for many years as a legal assistant and in the county probation office. Tr. 84. In early 2014, facing declining mental capabilities and poor performance in her job, she resigned her position. Tr. 535, 799-800, 977. She began receiving mental health treatment for bipolar disorder. Tr. 520-45. In March 2015 she was psychiatrically hospitalized for a week due to suicidal ideation. Tr. 585, 609-33.

In terms of her physical problems, in August 2014 Plaintiff fell down her stairs and fractured her lumbar spine. Tr. 471-72. Her back problems were further exacerbated by a car accident the following year, and a fall in a store in January 2016. Tr. 1209, 1277-78. She underwent lumbar surgery in October 2016, which

relieved much of her back pain but resulted in left leg radiating pain and numbness. Tr. 845-46, 918, 1182.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of

entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On October 2, 2017, the ALJ issued a decision finding Plaintiff was not disabled prior to her attainment of advanced age on December 14, 2016, but became disabled on that date.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 19.

At step two, the ALJ determined Plaintiff had the following severe impairments: lumbar degenerative disc disease, status-post surgery on the lumbar spine; headaches; depression; anxiety; bipolar disorder vs. borderline personality disorder; and post-traumatic stress disorder. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 19-20.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform light exertion level work with the following limitations:

> She is capable of engaging in unskilled, repetitive, routine tasks in 2-hour increments. She can occasionally stoop, squat, crouch, crawl, and kneel. She can occasionally climb ramps and stairs. She cannot

climb ropes, ladders, or scaffolds. She would have up to 6
unscheduled absences from work per year. She could be off task at
work up to 10 percent of the time but still meeting minimum
production requirements of the job. She can have occasional contact
with the public, coworkers, and supervisors.

Tr. 20.

At step four, the ALJ found Plaintiff was unable to perform her past relevant work as a court clerk or paralegal. Tr. 27.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, prior to her attainment of age 55 Plaintiff was capable of making a successful adjustment to other work that existed in significant numbers in the national economy, including the jobs of housekeeping cleaner, packing line worker, and production assembler. Tr. 27-28.

As of December 14, 2016, Plaintiff attained an older age category, and the ALJ found her disabled based on the Medical Vocational Guidelines. Tr. 28.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time prior to December 14, 2016, but that she became disabled on that date. Tr. 29.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) failing to consider Plaintiff's cervical spine impairment; (2) failing to properly consider the lay opinions; (3) improperly assessing the medical opinions; and (4) not fully crediting Plaintiff's testimony.

## DISCUSSION

1.  **Plaintiff's subjective statements**

*///*

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 5

Plaintiff contends the ALJ erred by improperly rejecting her subjective statements. ECF No. 13 at 18-21.

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not fully supported. Tr. 21. The ALJ offered the following reasons for disregarding Plaintiff's subjective complaints: (1) the record showed her mental health impairments and physical problems had improved with treatment; (2) the longitudinal history of treatment did not support the alleged disabling impairments; (3) mental status exams throughout the record showed largely normal findings; (4) Plaintiff's physical problems did not prevent her from tending to self-care or attending medical appointments unaccompanied; and (5) she had been able to apply for part-time work and care for a child and her adult daughter. Tr. 21-24. Defendant argues these were all legitimate factors for the ALJ to consider in assessing the reliability of Plaintiff's symptom allegations.

ECF No. 15 at 10-11.  The Court finds the ALJ's interpretation of the record and conclusions are not supported by substantial evidence.

    *a. Improvement with treatment*

The ALJ repeatedly noted that Plaintiff's mental health and physical problems responded to treatment and improved with medication.  Tr. 21-24.

That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace.  *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001).  Improvement of impairments does not equate with elimination of symptoms.  Furthermore, "while ALJs obviously must rely on examples to show why they do not believe that a claimant is credible, the data points they choose must *in fact* constitute examples of a broader development to satisfy the applicable "clear and convincing" standard."  *Garrison v. Colvin*, 759 F.3d 995, 1018 (9th Cir. 2014)(emphasis in original).

A review of the record shows that Plaintiff's periods of improvement with medication and therapy were either not supported by the record or the ALJ omitted evidence of significant increases in symptoms.  The records of Plaintiff's mental health treatment reflect nearly as many reports of worsening symptoms as they do reports of improvement in symptoms.  Tr. 509, 543, 634, 708, 714, 902, 1071, 1089 (worsening symptoms); 514, 517, 525, 530, 597, 1085, 1100, 1101, 1213 (symptoms improving).  Unsurprisingly for an individual with bipolar disorder, Plaintiff reported significant cycling of her moods.  Tr. 505, 517, 689, 706, 720. The importance of reading chart notes in context of the entire diagnostic picture is clearly demonstrated in the records, such as in August 2016 when Plaintiff reported her current status was better than her previous visit, but she reported she had recently been in bed for three days, and stated "If you would have seen me yesterday or during the three days I was down in pain then my answer would be different."  Tr. 722.  Similarly, upon her discharge from a week-long psychiatric

hold for suicidal ideation in March 2015, Plaintiff was described as demonstrating improvement, showing a "huge turnaround" and "doing much better." Tr. 604, 610, 957. These notes were made in the same month as, but in stark contrast to, Plaintiff's involuntary detention in a psychiatric facility as a danger to herself. Tr. 585.[2]

Similarly, the ALJ's characterization of the record showing improvement in Plaintiff's back pain initially with medication and more recently with surgery as a basis for discounting Plaintiff's symptom complaints is not supported by substantial evidence. The ALJ is correct that, in the immediate aftermath of Plaintiff's lumbar fracture, she experienced some improvement from her acute stage of pain. Tr. 960, 962. In the two years from the initial injury until her surgery, Plaintiff occasionally reported improvement in her back pain, or some relief from medication use. Tr. 941, 958, 1194, 1209, 1228. However, she more frequently reported worsening of her pain, or fluctuating pain levels in light of frequent flares. Tr. 851, 857, 1189, 1225, 1209 (worsening pain); Tr. 556, 571, 642, 1194, 1206, 1228, 1231, 1238 (fluctuating pain). Plaintiff testified at her hearing that her back surgery relieved much of her back pain, but resulted in significant pain and numbing of her left leg that continued to cause problems through to the time of the hearing. Tr. 69-71. This testimony is consistent with the records. Tr. 860, 918, 1182.

---

[2] Notably, the ALJ failed to acknowledge this incident at all, summarizing the records from this month as showing Plaintiff to be doing better and demonstrating no significant changes in her mental status exams. Tr. 21. The records cited by the ALJ for these propositions are from her in-patient hospitalization and just after her release. Tr. 605-12.

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 8

Therefore, the ALJ's rationale that Plaintiff's pain and other symptom complaints are not supported by the record because the record demonstrates improvement in her conditions is not supported by substantial evidence.

*b. Activities*

A claimant's daily activities may support an adverse credibility finding if the claimant's activities contradict her other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). However, the mere fact that a claimant is capable of performing some basic daily activities needed for everyday survival does not necessarily detract from her overall credibility. *Garrison*, 759 at 1016; *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004). The Ninth Circuit has repeatedly found that the ability to perform some basic activities is not necessarily inconsistent with disability:

> We have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day.

*Garrison*, 759 F.3d at 1016; *see also Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication.").

The ALJ pointed to a number of actions that he found to undermine Plaintiff's symptom assertions. Specifically, the ALJ found Plaintiff's physical impairments did not interfere with her ability to tend to self-care or attend medical appointments alone, and further noted Plaintiff had been able to apply for part-time work, care for a small child, and care for her adult daughter. Tr. 24. The Court finds the ALJ failed to indicate how any of the identified activities are inconsistent

with Plaintiff's pain and limitation testimony, or how an ability to go to the doctor or tend to basic care undermines her assertions.

The record contains no details about any of the specific activities that the ALJ pointed to. There is no information about the part-time job Plaintiff applied for, including hours, responsibilities, or whether she was even granted an interview. Tr. 1085. The record contains no information as to Plaintiff's responsibilities when she was babysitting her roommate's child, and Plaintiff found the work tiring and only did it for a month. Tr. 57, 593. *See Trevizo v. Berryhill*, 871 F.3d 664, 681 (9th Cir. 2017) ("the mere fact that she cares for small children does not constitute an adequately specific conflict with her reported limitations."). Similarly, the record contains no information about the time Plaintiff was caring for her daughter after a surgery, other than the fact that her daughter healed quickly. Tr. 1071, 1077. These temporary arrangements, without any additional detail, do not demonstrate any clearly articulated inconsistency with Plaintiff's asserted limitations.

      c. *Objective medical evidence*

An ALJ may cite inconsistencies between a claimant's testimony and the objective medical evidence in discounting the claimant's symptom statements. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). But this cannot be the only reason provided by the ALJ. *See Lester*, 81 F.3d at 834 (the ALJ may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence). "[A]n ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). Furthermore, the treatment records must be viewed in light of the overall diagnostic record. *See Holohan,* 246 F.3d at 1205, 1208; *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1200-01 (9th Cir. 2008).

Because none of the ALJ's other reasons satisfy the clear and convincing standard, a lack of support from the medical records alone is an insufficient basis. Furthermore, as discussed above, the ALJ's selective reading of the record did not adequately acknowledge the context and cyclical nature of Plaintiff's impairments.

**2.     Medical opinion evidence**

Plaintiff argues the ALJ erred by improperly assessing the medical evidence. ECF No. 13 at 11-18.  Specifically, she asserts the ALJ improperly rejected opinions from Dr. Kim and Dr. Cline; failed to address Dr. Mitchell; and offered no explanation for his failure to incorporate limitations opined by Ms. Damstedt and Ms. Robinson, to whom he gave great weight. *Id.*

*a. Dr. Kim*

Plaintiff argues the ALJ erred by giving "little weight" to the opinion from Dr. Joe Kim.  ECF No. 13 at 13-15.

When a treating physician's opinion is contradicted by another physician, the ALJ is required to provide "specific and legitimate reasons," based on substantial evidence, to reject the opinion. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).  The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).  The ALJ is required to do more than offer his conclusions, he "must set forth his interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

Dr. Kim offered an opinion of Plaintiff's functional status in November 2015.  Tr. 668-70.  He assessed her with low back pain and degenerative arthritis in her lumbar spine, noting symptoms of pain in her low back that radiated into the back of her legs and caused tingling in both legs.  Tr. 668.  He opined she was

limited to sedentary work and would miss four or more days of work per month due to severe exacerbations that limited her ability to concentrate. Tr. 669.

The ALJ gave this opinion little weight. He found it inconsistent with contemporaneous treatment notes showing improvement with treatment, inconsistent with Plaintiff's full range of daily activities, and unsupported by the consultative exam performed a few months earlier. The ALJ also noted Dr. Kim had only been treating Plaintiff for a few months. Tr. 25-26.

Consistency with the record as a whole is a relevant factor for the ALJ to consider. 20 C.F.R. § 404.1527(c)(4). However, as this claim is being remanded on other bases, the ALJ will reconsider the entire record, including Dr. Kim's opinion.

  b. *Dr. Cline*

Plaintiff asserts the ALJ erred in rejecting two psychological evaluations from consultative examiner Rebekah Cline, Psy.D. ECF No. 13 at 15-16.

As with treating sources, when an examining physician's opinion is contradicted by another physician, the ALJ is required to provide "specific and legitimate reasons" to reject the opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995).

Dr. Cline performed two evaluations for the Washington State Department of Social and Health Services (DSHS). Tr. 688-92, 693-98. Dr. Cline assessed numerous moderate and marked limitations on Plaintiff's ability to perform work-related activities. *Id.*

The ALJ gave little weight to each of the exams, noting Dr. Cline relied on her own evaluations and Plaintiff's subjective complaints, and that she did not review significant treatment notes which generally showed Plaintiff did well with treatment. Tr. 24. The ALJ further found the records generally showed Plaintiff performed well on mental status exams, was able to live alone and with a roommate, and could maintain focus during appointments, and thus the records did

not support the degree of limitation opined by Dr. Cline. *Id.* Finally, the ALJ noted the second opinion was offered after the established onset date, and thus would not change the outcome of the decision even if it had been adopted. *Id.*

The Court finds the ALJ failed to offer specific and legitimate reasons for rejecting these opinions. As was discussed above regarding Plaintiff's subjective allegations, the ALJ's summary of the medical evidence did not accurately address the cyclical nature of Plaintiff's impairments, and indications of "doing well" were not addressed in the greater context of her bipolar disorder. Furthermore, the ALJ failed to indicate how Plaintiff's living arrangements or ability to focus during medical appointments were inconsistent with Dr. Cline's opinions.

An ALJ may reject an opinion that is "based to a large extent on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue,* 533 F.3d 1035, 1041 (9th Cir.2008). However, here, the ALJ did not properly discount Plaintiff's self-reports, and failed to offer any evidence that Dr. Cline's opinions were based largely on Plaintiff's reports, as opposed to Dr. Cline's professional judgment and objective observations. Therefore, the ALJ's analysis does not constitute specific and legitimate reasons and is not based on substantial evidence.

*c. Dr. Mitchell*

Dr. Melanie Mitchell, PsyD, offered an opinion for DSHS in February 2015. Tr. 500-501. She agreed with the limitations assessed by Dr. Cline. The ALJ failed to mention this opinion in his decision.

Defendant asserts the ALJ was not required to address this opinion, because it was identical to Dr. Cline's opinion, which the ALJ gave sufficient reasons to

///
///
///
///

reject. ECF No. 15 at 8. Because the Court finds the ALJ erred in his rejection of Dr. Cline, reconsideration of Dr. Mitchell's opinion is also warranted.[3]

### d. Ms. Damstedt and Ms. Robinson

An ALJ may discount the opinion of an "other source," such as a nurse practitioner, if he provides "reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Plaintiff argues the ALJ erred when he gave great weight to parts of Ms. Damstedt and Ms. Robinson's opinions, yet failed to account for the severity of those opinions. ECF No. 13 at 17-18.

Suzanne Damstedt, Plaintiff's therapist, opined Plaintiff was moderately limited in several work-related functions, including the ability to maintain attention and concentration for extended periods, the ability to complete a normal workweek without interruptions from psychologically-based symptoms and perform without an unreasonable number and length of rest periods, the ability to accept instructions and respond appropriately to criticism from supervisors, and the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes. Tr. 672-73. Carole Robinson, MSW, offered similar limitations, finding Plaintiff moderately limited in sustaining an ordinary routine without supervision, making simple work-related decisions, accepting instructions and responding to criticism, and responding appropriately to changes in the work setting. Tr. 1139-40. Each of the forms completed defined "moderate" limitation as "significant interference with basic work-related activities i.e., unable to perform the described mental activity for at least 20% of the work day up to 33% of the work day." Tr. 672, 1139. The ALJ gave great weight to the moderate

---

[3] The Court also notes that Dr. Mitchell reviewed a 2014 opinion from Dr. Renee Low, and thus had additional evidence upon which she based her concurrence with Dr. Cline. Tr. 500.

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 14

limitations included in each of these opinions, finding them consistent with the treatment notes and other evidence. Tr. 24, 25.

Plaintiff argues that the ALJ failed to fully account for the severity of the assessed limitations, as the definition of moderate on the completed forms indicates an inability to complete the work functions for 20-33% of the workday. ECF No. 13 at 17-18. Defendant asserts the forms use a "non-standard" definition of the word moderate, and argues the ALJ relied on a definition of moderate endorsed by caselaw, and not the definition contained in the fine print of the forms. ECF No. 15 at 9-10.

The Court finds Defendant's argument to be unsupported. The forms completed by the medical sources define the term and there is no indication that Ms. Damstedt or Ms. Robinson were interpreting the word differently than defined on the form. Most importantly, there is no indication that the ALJ interpreted the opinions as argued by Defendant in briefing. The Court reviews only the reasons provided by the ALJ in his decision and will not affirm the ALJ on "a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

The RFC as formulated by the ALJ does not account for many of the limitations assessed by Ms. Damstedt and Ms. Robinson, despite the ALJ assigning them great weight. Remand is warranted for further consideration of the opinions.

**3. Third party evidence**

Plaintiff argues the ALJ erred by failing to offer any meaningful discussion of any of the third-party opinions from Plaintiff's friends and family, and by failing to acknowledge the letters of reprimand from Plaintiff's former employer at the end of her tenure. ECF No. 13 at 6-11. Defendant asserts that the ALJ's legally sufficient reasons for rejecting Plaintiff's subjective allegations served to reject the similar allegations of the third-party witnesses. ECF No. 15 at 3-4.

Lay witness testimony is "competent evidence" as to "how an impairment affects [a claimant's] ability to work." *Stout v. Comm'r, Soc. Sec. Admin.*, 454

F.3d 1050, 1053 (9th Cir. 2006); *see also Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993) ("[F]riends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to her condition."). An ALJ must give "germane" reasons to discount evidence from these "other sources." *Dodrill*, 12 F.3d at 919.

The ALJ noted the various statements and found they "all generally mirror the claimant's subjective complaints." Tr. 26. Because this claim is being remanded for further consideration of Plaintiff's subjective complaints, the ALJ will have the opportunity to reassess the evidence from the various lay witnesses. The ALJ should consider these witnesses individually and provide germane reasons for discounting any testimony.

**4.     Step two findings**

Plaintiff asserts the ALJ erred in failing to consider her cervical spine condition at step two. ECF No. 13 at 5-6. Plaintiff contends the condition is medically established and contributes to Plaintiff's inability to work, and could have resulted in further limitations on her RFC. *Id.*

The step-two analysis is "a de minimis screening device used to dispose of groundless claims." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). An impairment is "not severe" if it does not "significantly limit" the ability to conduct "basic work activities." 20 C.F.R. § 404.1522(a). Basic work activities are "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (internal quotation marks omitted). Step two is merely a threshold determination meant to screen out weak claims. *Bowen v. Yuckert*, 482 U.S. 137, 146-47 (1987).

Even if the ALJ's failure to list Plaintiff's cervical spine disorder was error,

the error would be harmless because step two was resolved in Plaintiff's favor, and Plaintiff fails to identify any credited limitation associated with her cervical spine condition that was not considered by the ALJ and incorporated into the RFC finding. *See Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005). However, because the claim is being remanded on other bases, the ALJ will reconsider the entire record and make additional step two findings as warranted.

## CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id.* Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's RFC determination is not supported by substantial evidence in this case and must be reevaluated. On remand, the ALJ shall reevaluate Plaintiff's subjective complaints and the record as a whole, formulate a new RFC, obtain supplemental testimony from a vocational expert, if necessary, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

The Court notes that neither party has disputed the ALJ's establishment of disability as of Plaintiff's attainment of age 55 on December 14, 2016. Therefore, this order pertains only to the period prior to the established onset date.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED, IN PART**.

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 17

2. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED August 16, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE